ORDER
GRITT, JUDGE:
An application of the claimant, Mary M. Teet, for an award under the West Virginia Crime Victims Compensation Act, was filed August 28, 2000. The report of the Claim Investigator, filed March 16, 2001, recommended that no award be granted, to which the claimant timely responded. An Order was issued on May 25, 2001, upholding the Investigator’s recommendation, in response to which the claimant’s request for hearing was filed June 8, 2001. This matter came on for hearing October 19, 2001, the claimant appearing in person, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
On or about July 10, 2000, the claimant’s 42-year-old son, Elmer Eugene Teet, was shot and killed by Walter J. Thompson, Jr., in Beckley, Raleigh County. The offender was indicted on first-degree murder charges. He pleaded guilty to manslaughter, and was sentenced to a term of six months to two years in the Anthony Correctional Center.
The initial denial of an award was based on the alleged contributory misconduct of the victim, Elmer Eugene Teet. Based on the report of the Beckley Police Department, the offender shot the victim because the victim owed him money for drugs.
At the hearing, claimant Mary M. Teet testified that her son’s probation officer had advised her that her son was “clean” when he was tested for drugs, and that “everybody tells me that he wasn’t on no kind of drugs” (Transcript, page 5). She also indicated that “they” told her that “the boy (Walter Thompson) was just up there showing off but said he didn’t mean to shoot my son.” The claimant further stated that her son’s body lay in the rain for over two hours, and that his funeral expenses were $5,000.00.
Corporal Dean R. Bailey of the Beckley Police Department confirmed that the body was not discovered by the first officer on the scene. Corporal Bailey was the second officer to respond to shots fired in the area; he stated that tall grass probably obscured the view the first time (Transcript, page 18). He stated that the investigation led officials to believe that the shooting resulted from “an argument over drugs or money or both” (Transcript, page 13).
*424 Upon additional questioning by the State, Ms. Teet admitted that four or five months prior to the shooting, she paid money to a drug dealer “because I didn’t want my son dead” (Transcript, page 21).
The final witness at the hearing, Davide Hudson, stated that he was present during the criminal proceeding. He indicated that “Not one time in that court hearing have I heard that it was over a drug deal gone bad or anything like that” (Transcript, page 23).
It is evident to this Court that the claimant did what she could to protect her son, and his death was indeed a tragedy. But the circumstances surrounding the shooting remain unclear. Witness statements are in conflict as to whether it was an accident or whether the offender meant to kill the victim.
When the events leading up to criminal conduct are too vague to determine whether or not the victim played a role, this Court has declined to approve an award of compensation. From the evidence in the record of this claim, it seems more likely than not that the motive for the shooting was somehow linked to illegal drug activity.
Based on the foregoing, the claim must be, and is hereby, denied.